**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH R. REISINGER,** : | |
| : | |
| Plaintiff : | **CIVIL ACTION NO. 3:13-2572** |
| : | |
| v. : | |
| : | **(MANNION, D.J.)** |
| **MICHAEL SHUCOSKY and** : | **(BLEWITT, M.J.)** |
| **DANIEL PILLETS,** : | |
| : | |
| Defendants : | |

# M E M O R A N D U M

Pending before the court is the report and recommendation of Judge Blewitt, (Doc. No. 14), recommending that plaintiff's motion to remand, (Doc. No. 7), be granted. No objections to the report were filed. The report and recommendation is **ADOPTED**.

## I.    STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447

U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III.   DISCUSSION

Plaintiff moved for remand arguing that he did not plead a federal question, and thus that this federal court has no subject matter jurisdiction. As Judge Blewitt's report thoroughly discusses, plaintiff's complaint does not raise any federal questions which would bring this case within the ambit of 28 U.S.C. §1331. Plaintiff's claims are brought under Pennsylvania law, as well as the Pennsylvania Constitution. There is also no diversity jurisdiction in this case. Accordingly, this court does not have subject matter jurisdiction over the case and must remand.

Further, Judge Blewitt's opinion also thoroughly explains that the federal court does not have the power to grant plaintiff's requested relief. Plaintiff requests a permanent injunction against any involvement of defendants, who are state court officials, in any of plaintiff's present or future cases. The Anti-Injunction Act, 28 U.S.C. §2283, which specifically prohibits federal courts from granting injunctions in state courts except in limited circumstances, prohibits this court from issuing the broad injunction that is the sole remedy sought in plaintiff's complaint.

## IV.  CONCLUSION

In light of the foregoing, Judge Blewitt's report and recommendation is **ADOPTED**. Plaintiff's motion for remand is **GRANTED** and this case is remanded to the Court of Common Pleas of Luzerne County**.** The pending motions to dismiss are **DISMISSED** for lack of jurisdiction without prejudice to defendants filing equivalent motions in state court. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 6, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2572-01.wpd